UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD DANDRIDGE, ET AL.** | CIVIL ACTION |
| VERSUS | |
| **KAREN G. ST. GERMAIN** | NO. 19-00529-BAJ-SDJ |

## RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss (Doc. 16)**, seeking dismissal of Plaintiffs' Complaint (Doc. 1). Plaintiffs oppose Defendant's Motion. (Doc. 20). For the reasons stated herein, Defendant's Motion is granted in part.

## I. ALLEGED FACTS

This case challenges the Louisiana Office of Motor Vehicles' ("OMV") failure to renew Plaintiffs' operating licenses, which Plaintiffs assert is a violation of their right to due process under the U.S. Constitution and the Louisiana Constitution. For present purposes the following allegations are accepted as true:

Plaintiff Edward Dandridge owns and operates Delta Safety Driving School, LLC ("Delta"), a Louisiana company providing driver instruction services. (Doc. 1 at ¶ 6). For 8 consecutive years prior to November 30, 2018, the OMV issued Delta a driving instruction license and a Third-Party Tester agreement, allowing Delta to operate driver instruction schools and testing facilities in 4 different parishes. (*Id.* at ¶ 7). Delta's revenues were Dandridge's primary source of income. (*Id.*).

1

"On November 30, 2018, [Defendant], in her capacity as Commissioner of the OMV, wrote a letter to Dandridge and Delta, announcing her decision to not renew either Delta's Third-Party Tester agreement or its driving school license, and ordering Delta to cease operations by the end of the year." (*Id.* at ¶ 9). Defendant's stated reason for non-renewal was simply: "not in the best interest." (*Id.*). Plaintiffs were not provided prior notice of non-renewal, or an opportunity to respond to the decision. (*Id.* at ¶ 10). Defendant also denied Plaintiffs' requests for a hearing to challenge the decision. (*Id.* at ¶ 11).

Plaintiffs' renewal application complied with all applicable laws and regulations. (*Id.* at ¶ 12). In practical effect, Defendant's decision not to renew Delta's licenses ended Delta's business. (*Id.*).

## II. PROCEDURAL HISTORY

On August 14, 2019, Plaintiffs Dandridge and Delta filed their complaint, alleging that Defendant's non-renewal decision and failure to provide a post-decision hearing deprived them of procedural due process under the U.S. Constitution and the Louisiana Constitution. (Doc. 1 at ¶¶ 16-21). Plaintiffs assert their claims against Defendant in her official capacity as OMV Commissioner, and her personal capacity. (*Id.* at ¶ 5). Plaintiffs' official capacity claims seek a declaration that Defendant acted unlawfully and an injunction reinstating their operating licenses. (*Id.* at pp. 6-7). Plaintiffs' personal capacity claims seek compensatory damages. (*Id.* at p. 7).

On October 3, 2019, Defendant filed the instant Motion to Dismiss, contending that Plaintiffs' action must be dismissed because Plaintiffs have failed to allege viable

federal constitutional claims, and the Eleventh Amendment bars Plaintiffs' state law claims. (*See* Doc. 16-1). Plaintiffs oppose Defendant's Motion. (Doc. 20-1).

### III.   ANALYSIS

#### A. Eleventh Amendment Immunity

##### i. Standard

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir. 2012). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.* A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.*

Under *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), and its progeny, the Eleventh Amendment bars a citizen of a state from pursuing state law claims against state officers acting in the scope of their employment in federal court. *See Hughes v. Savell*, 902 F.2d 376, 377 (5th Cir. 1990).

##### ii. Discussion

Defendant contends that Plaintiffs' Louisiana due process claims must be dismissed under *Pennhurst*. (Doc. 16-1 at pp. 5-8). Plaintiffs do not respond directly to this argument, but instead direct the Court's attention to cases allowing *federal* claims to proceed against state officials under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). *See AT&T Commc'ns v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 643 (5th Cir. 2001) ("the Supreme Court has for nearly a century

3

allowed suits against state officials for prospective injunctive relief to end a continuing violation of federal law under the doctrine of *Ex parte Young*").

Plaintiffs' allegations exclusively involve actions Defendant took in her role as OMV Commissioner. The U.S. Court of Appeals for the Fifth Circuit has instructed that "where litigants accuse state officers of violating state common law when acting in the course and scope of their employment, the Eleventh Amendment prevents the litigant from raising the claim in federal court whether the litigant seeks damages or injunctive relief, and whether the litigant invokes the court's original or pendent jurisdiction." *Hughes*, 902 F.2d at 378 (citations omitted). The Fifth Circuit has extended this reasoning to bar litigants from pursuing state statutory *and* constitutional claims against state officers acting in the scope of their employment. *See id.* ("When interpreting *Pennhurst*, the Fifth Circuit has construed the term 'state law' to include both statutory enactments and state common law."); *see also Martinez v. McLane*, 792 F. App'x 282, 287 (5th Cir. 2019) (dismissing plaintiff's state constitution due process claims against Texas official because "the Eleventh Amendment bars federal jurisdiction over … claims for violations of the Texas Constitution").

In the absence of any authority or argument from Plaintiffs, the Court sees no reason to depart from the general rule barring litigants from pursuing state law claims against state officers in federal court. Accordingly, Plaintiffs' state law claims will be dismissed for lack of jurisdiction under the Eleventh Amendment. *Hughes*, 902 F.2d at 379; *Martinez*, 792 F. App'x at 287.

4

### B. Merits

#### i. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

#### ii. Discussion

##### a. Plaintiffs' Official Capacity Claims

Plaintiffs allege two violations of their right to procedural due process: (1) Defendant's non-renewal decision "without notice or an opportunity to be heard, violated the Plaintiffs' right to predeprivation procedural due process"; and (2) Defendant's failure "to provide Plaintiffs with … post-deprivation hearing after the effective revocation of their licenses and Third-Party Tester agreement" violated their right to post-deprivation procedural due process. (Doc. 1 at ¶¶ 16,19).

5

The Fourteenth Amendment protects individuals from being deprived of their property without due process of law. U.S. Constitution Amendment XIV § 1. The Due Process Clause encompasses the protection of a guarantee of fair procedure, and the U.S. Supreme Court consistently has held that "some form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976); *United States v. James Daniel Good Real Property,* 510 U.S. 43, 48 (1993) ("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property.").

Louisiana law affords Plaintiffs a property interest in their operating licenses. *See Acadian Ambulance Serv., Inc. v. Par. of E. Baton Rouge*, 97-2119 (La. App. 1 Cir. 11/6/98), 722 So. 2d 317, 324 ("Acadian undoubtedly has a property interest in its permit to operate a private ambulance service in East Baton Rouge Parish."), *writ denied*, 98-2995 (La. 12/9/98), 729 So. 2d 583; *see also Wells Fargo Armored Serv. Corp. v. Georgia Pub. Serv. Comm'n*, 547 F.2d 938, 941 (5th Cir. 1977) ("Privileges, licenses, certificates, and franchises … qualify as property interests for purposes of procedural due process." (citing *Bell v. Burson*, 402 U.S. 535 (1971)). Thus, some notice and opportunity to be heard is required before such licenses can be revoked. *Wells Fargo Armored Serv. Corp.*, 547 F.2d at 941.

Here, Plaintiffs contend that they had successfully maintained Delta's driving instruction license and Third-Party Tester agreement and operated Delta's business for 8 years when Defendant arbitrarily denied their request for renewal. Plaintiffs

6

further contend that Defendant denied them notice of nonrenewal, and denied them hearing and appeal opportunities, effectively resulting in revocation of Delta's business licenses. Plaintiffs' allegations, accepted as true, state a violation of procedural due process. *See Bell*, 402 U.S. at 539 ("Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.").

### b. Plaintiffs' Personal Capacity Claims

"Personal-capacity suits … seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To establish personal liability in a § 1983 action, the plaintiff must show that the official "caused the deprivation of a federal right." *Id.* This requires proof that the alleged constitutional violation occurred at the official's direction or with her knowledge and consent. *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 761 (5th Cir. 1993).

Plaintiffs' personal capacity claims are virtually indistinguishable from their official capacity claims, with the addition that Defendant wrote the letter announcing the nonrenewal of Delta's licenses, and was the decisionmaker at each stage of the alleged violation. (Doc. 1 at ¶¶ 9-11). Accepting these facts as true, Plaintiffs have plausibly alleged a claim against Defendant in her personal capacity. *See, e.g.*, *Jabary v. City of Allen*, 547 F. App'x 600, 608 (5th Cir. 2013) (plaintiff's allegation that city official "signed and approved" citation resulting in revocation of certificate of

7

occupancy established plausible personal capacity procedural due process claim: "Considering [Defendant's] authority, along with the allegation that he signed the hang tag on the door … informing [Plaintiff] that his Certificate had been revoked, [Plaintiff] has made plausible his claim that [Defendant] was accountable.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 16)** is **GRANTED IN PART**, and Plaintiffs' state law claims are **DISMISSED FOR LACK OF JURISDICTION**. In all other respects, Defendant's Motion is **DENIED.**

In light of the forgoing,

**IT IS FURTHER ORDERED** that the stay of deadlines pending the Court's resolution of Defendant's Motion to Dismiss (Doc. 28) is **LIFTED**. Defendant's opposition to Plaintiffs' Motion for Summary Judgment as to Liability (Doc. 23) is due within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's motions for extension of time to file a response to Plaintiffs' Motion for Summary Judgment (Docs. 25, 27) are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 15th day of October, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**